UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv257-RJC-DLH

| | |
|---|---|
| LUISA E. POINDEXTER and CARNIS F. POINDEXTER, ) ) ) Counterclaimants, ) ) v. ) ) WELLS FARGO BANK, N.A. et al., ) ) Respondents. ) ) ) | ORDER |

**THIS MATTER** is before the Court on the respondents' motion to dismiss or, alternatively, to remand (Doc. No. 5) filed July 9, 2010. The matter is now ripe for the Court's review.

**I. BACKGROUND**

This is a second attempt by Luisa and Carnis Poindexter ("the Poindexters") to remove a foreclosure proceeding initiated against them by Wachovia Mortgage Corporation in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, Case No. 09-SP-2673. In that case, an order allowing the foreclosure sale of the Poindexters' property, located at 2330 Carved Tree Lane, was entered by the Superior Court Clerk on June 11, 2009. (Doc. No. 2-1 at 3). It appears that Wachovia Mortgage Corporation initially purchased the property at auction (Doc. No. 2 at 30), but subsequently assigned it to Federal National Mortgage Association (Id. at 14). On May 17, 2010, Luisa Poindexter filed a "Motion to Stay Notice to Vacate" in state court, moving to enjoin her eviction pending reconsideration of the court order authorizing the foreclosure sale of her property. (Doc. No. 2 at 25-26). That same day, she filed a notice of removal with this Court, attempting to remove the case to federal court. (Case No. 3:10cv226, Doc. No. 2: Notice of

Removal). On May 25, 2010, the Court, acting sua sponte, summarily remanded the case for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). (Case No. 3:10cv226, Doc. No. 3: Order).

Not to be dissuaded, the Poindexters filed a second notice of removal on June 9, 2010. (Doc. No. 1). Wells Fargo Bank, N.A. and several Wells Fargo executive officers (collectively, "Wells Fargo") are named parties on this notice of removal, based upon an allegation that Wells Fargo is the "predecessor" of Wachovia Mortgage Corporation. (Doc. No. 1 at 2).[1] Federal subject matter jurisdiction is claimed pursuant to 42 U.S.C. § 1983, the National Currency Act of 1863, and a litany of other statutes. On July 6, the Poindexters filed an "Answer Attached within Countercomplaint," asserting a number of defenses against their foreclosure and demanding dismissal of that proceeding, attorney's fees, costs, and one million dollars in damages. (Doc. No. 4 at 15). Wells Fargo has since moved for dismissal of the Poindexters' notice of removal and counterclaims pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or, in the alternative, for remand pursuant to 28 U.S.C. § 1447.

## II. STANDARD OF REVIEW

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked

---

[1] The Poindexters may have meant "successor." Wells Fargo purchased the Wachovia Corporation in 2008.

by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Should a defendant challenge whether the Court has federal subject matter jurisdiction over a plaintiff's claims under Rule 12(b)(1), the plaintiff bears the burden of showing that jurisdiction exists. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). Moreover, at any time prior to entry of final judgment, the district court shall remand a case previously removed under § 1441 if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[B]ecause the lack of subject matter jurisdiction may be noticed by the district court sua sponte or by any party, the court may enter a remand order sua sponte." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) (internal citations omitted).

## III. DISCUSSION

### A. Foreclosure Proceeding

Although the Poindexters list numerous statutes that purportedly give rise to a substantial question of federal law, their foreclosure case remains subject to summary remand pursuant to 28 U.S.C. § 1447(c) for the reasons set forth in the Court's previous order. (Case No. 3:10cv226, Doc. No. 3). Moreover, the Poindexters have attempted to remove this case long after the time in which they were permitted to do so. See 28 U.S.C. 1446(b) (a notice of removal shall be filed within thirty days after receipt of the "initial pleading" or "amended pleading, motion, order or other paper"

giving rise to federal subject matter jurisdiction). The Court notes that Wells Fargo is not, nor has it ever been, a party to the underlying foreclosure. That case was initially brought and litigated by Wachovia Mortgage Corporation. No part of this Order shall be construed to join Wells Fargo to the Poindexters' state court foreclosure proceeding.

**B. "Countercomplaint"**

A slightly different case is presented by the Poindexters' pleading titled "Answer Attached within Countercomplaint," which essentially recites the same allegations contained in the notice of removal, but asserts them as a counterclaim against Wells Fargo. Rather than remand, this claim is subject to dismissal.

The "Countercomplaint" is, primarily, an attempt by the Poindexters to challenge the outcome of their state court proceeding, as it asserts a number of defenses against foreclosure and demands that the foreclosure action be dismissed. (Doc. No. 4 at 15). "The Rooker-Feldman doctrine . . . prohibits 'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments.'" Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir. 2006) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam)). In the context of a state court foreclosure proceeding, Rooker-Feldman prohibits claims brought in federal court that may "succeed only to the extent that the state court wrongly decided the foreclosure action." Postma v. First Federal Sav. & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir. 1996). District courts within the Fourth Circuit have consistently reached the same conclusion. See, e.g., Turner v. E. Savings Bank, FSB, No. 09cv2637, 2010 WL 1409858, at *3 (D. Md. Apr. 2, 2010); Brumby v. Deutsche Bank Nat. Trust Co., No. 1:09cv144, 2010 WL 617368, at *3-4 (M.D.N.C. Feb. 17, 2010); Lawson v. Allegacy Fed. Credit Union, No. 1:08cv832, 2009 WL 3381532, at *2 (M.D.N.C. Oct. 16, 2009); Nott v. Bunson, No. 09cv2613, 2009 WL 3271285, at *2 (D. Md. Oct. 9, 2009).

4

Here, the Superior Court's June 11, 2009, order permitting foreclosure sale of the Poindexters' home was a final "judicial act" appealable to the appropriate state court within ten days of its entry. N.C. Gen. Stat. § 45-21.16(d1). Rooker-Feldman prohibits the Court from asserting jurisdiction over the Poindexters' defenses against foreclosure, because these defenses can succeed, of course, only to the extent that the Poindexter's foreclosure case was wrongly decided. Dismissal of this claim for lack of subject matter jurisdiction is therefore appropriate.

To the extent the "Countercomplaint" can be construed as bringing additional claims outside the scope of Rooker-Feldman, it alleges a violation of the National Currency Act of 1863, specifically that Wells Fargo officers have violated their oath to uphold the laws of national banking associations. (Doc. No. 4 at 3). Although it is unclear, this alleged violation may be the basis upon which the Poindexters claim one million dollars in damages. (Id. at 15).

Later replaced by the National Bank Act of 1864, the National Currency Act "provided . . . for federal chartering of national banks . . . ." Clarke v. Sec. Indus. Ass'n, 479 U.S. 388, 410-11 (1987). The National Currency Act prohibited, among other things, "any transfer of bank assets in contemplation of insolvency or with a view to preferring one creditor of the bank over another." Third Nat'l Bank v. Impac Ltd., Inc., 432 U.S. 312, 316 (1977). The Act also required bank directors to take an oath promising to diligently comply with its requirements, which is now codified at 12 U.S.C. § 73.

The Poindexters' counterclaim is devoid of any specific allegations that explain exactly how Wells Fargo officers violated their oaths, or how the Poindexters have been harmed by such violations. As such, their claim is subject to dismissal according to Rule 12(b)(6). See Iqbal, 129 S. Ct. at 1951 ("bare assertions" of fact or "conclusory" statements are not entitled to an assumption of truth). At a more basic level, there is no indication whatsoever that Congress intended to create

a private right of action for violations of 12 U.S.C. § 73. Every court to consider the issue has found no private right of action to exist. See F.D.I.C. v. Haddad, 778 F. Supp. 1559, 1564 (S.D. Fla. 1991), abrogated on other grounds by F.D.I.C. v. 232, Inc., 920 F.2d 815 (11th Cir. 1991); F.D.I.C. v. Kyriakedes, No. 87-1425-CV, 1988 WL 251977, at *1 (S.D. Fla. Mar. 15, 1988); Saker v. Community First Bank, N.A., 837 F.2d 476, 1998 WL 4463, at *2 (6th Cir. Jan. 26, 1988) (unpublished); Thompson v. Kerr, 555 F. Supp. 1090, 1097-98 (S.D. Ohio 1982). Thus, to the extent that the "Counterclaim" attempts to assert a separate claim against Wells Fargo premised upon a violation of the National Currency Act, dismissal of this claim is also appropriate.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the respondents' motion to dismiss or, alternatively, to remand (Doc. No. 5) is **GRANTED** such that:

1. The "Answer Attached within Counterclaim" (Doc. No. 4) is **DISMISSED**; and

2. The foreclosure proceeding subject to the Poindexters' notice of removal (Doc. No. 1) is hereby **REMANDED** to the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina.

**SO ORDERED.**

Signed: July 29, 2010

Robert J. Conrad, Jr.
Chief United States District Judge